Turney, J.,
delivered tbe opinion of tbe court:
This cause is before us by appeal from a decree of tbe chancellor sustaining a demurrer to tbe bill.
Tbe object of tbe bill is to indemnify tbe securities of H. C. Crisp, as guardian of Sarah H. Crisp-, against tbe loss on account of said securitysbip.
There is an original bill by tbe ward against tbe guardián and these complainants, seeking to have their account for a fund of about $5,000, tbe estate of tbe ward. Tbe bill before us is filed against tbe guardian and ward, and Elder and others, charging that tbe new parties have, with a knowledge that tbe fund was tbe property of tbe ward, fraudulently converted about $3,000 of it to their use; that Crisp, tbe guardian, is hopelessly insolvent, and praying that such parties be brought before tbe court, and required to account for tbe fund so converted; that tbe bill be filed as a cross-bill, and beard with tbe original, etc.
*263 It admits a liabilty for about $1,900, but contests any liability for tbe amount charged to be converted. Its facts, however, are full, and the contest is a legal deduction of the solicitor therefrom. It is objected to the bill that it is a cross-bill bringing new parties before the court, and is, therefore, not well filed. In this we do not concur. It is tiue, the prayer is that the bill be filed as a cross-bill, but this alone does not make it so. We must look to the object and purposes of the bill, together with its facts, to determine its office.
It is an established rule in equity that sureties are entitled to the benefit of all securities which the creditor obtains against the principal debtor; that is, the surety may resort to such remedies to make himself safe, or give him protection, that the creditor might resort to through the debtor to guard and secure his rights.
There can be no auestion that in this case the ward, upon the facts alleged in the bill, might have recovered the fund converted by the new parties brought before the court by the present bill, and even now she could amend and reach it by decree. It is a security to which she is entitled. It is a particular trust fund for her benefit, and by its conversion, the wrong-doers became responsible to her security to the extent of the amount converted and its interest.
It is insisted that as there is no liability fixed by judgment against these complainants, therefore the bill cannot bo maintained.
It is [not] necessary to determine the question here, as the bill expressly charges the insolvency of the guardian, which is sufficient under the authority of Henry v. Compton, 2 Head, 550, as well as upon principle. It would be an exceeding great hardship to> oppress and, perhaps, bankrupt innocent sureties when their relief stands prominent before the face of the court in the hands of wrong-doers, appropriating the identical fund sought after.
The bill of the ward is filed to reach a particular trust *264 fund, for which the guardian’s sureties are liable. Now, these sureties file -their bill not only for their own protection, but in aid of the rights of the ward, bringing to her assistance additional security, and pointing out the repository of the identical fund sought to be recovered. The facts alleged malee the bill an original one1 — one proper to bo consolidated and heard with that of the ward against her guardian and his sureties. Reverse the judgment.and remand the cause for further proceedings.